**State v. Phillips**
*[Cite as 6 AOA 255]*

*Case No. 57433*

*Cuyahoga County, (8th)*
*Decided August 23, 1990*

*Ester Harber, Assistant County Prosecutor, 1200 Ontario Street, Justice Center, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*John A. Gasior, 14701 Detroit Avenue, Suite 532, Lakewood, Ohio 44107, for Defendant-Appellant.*

MCCRYSTAL, J.

On August 1, 1987, Lavelle Phillips, appellant herein, used a Society National Bank Automatic Teller Machine ("ATM") located at 20980 Libby Road in Maple Heights, Ohio to make a deposit of $450.00 into his account with Dollar Bank. However, the deposit envelope connected with such transaction was empty. Two tellers from Society National Bank, Ganell Jordan and Carol Miller, testified that they personally inspected the deposit envelope as retrieved from the ATM deposit vault and verified that the deposit envelope was empty.

Ms. Gwendolyn Gabriel, the supervisor of ATM operations department for Society National Bank, testified about the procedures for processing an ATM transaction. She testified that when the computer receives a deposit transaction, it records that entry as though the entry were correct and prints a new balance in the account reflecting such entry. It is only later, through human intervention, that the computer receives information that the information is invalid. Gabriel explained that since Phlllip's deposit entry was made on a Saturday, the transaction was not processed by the main office of the bank until sometime on Monday, August 3, 1987, the following business day. On July 31, 1987, Phillips had a balance of $3.57 in his savings account. At such time, Phillips' checking account showed a negative balance of $20.96.

Phillips made withdrawals of $100 on August 1, August 2, and August 3, 1987. The maximum withdrawal allowed per day by a customer was $100.00, a policy of which Phillips had notice. On August 4, 1987, Society Bank notified Dollar Bank in writing of the improper release of funds. Dollar Bank sent letters to Phillips in September and October requesting him to make restitution. Subsequently, the account was closed by Dollar Bank.

On February 1, 1988, Phillips was indicted for theft under R.C. 2913.02, a felony of the fourth degree. On December 13, 1988, a trial commenced and the jury found Phillips guilty of theft. The trial court imposed a sentence of a six month prison term which was suspended; Phillips was placed on one year of probation and, among other orders, was required to make restitution of $317.50 to Dollar Bank. This appeal follows.

I.

Appellant's first assignment of error states:
"THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND AT THE CLOSE OF ALL THE EVIDENCE AND WHETHER THE JURY'S VERDICT OF GUILTY AS CHARGED IN THE INDICTMENT WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Criminal Rule 29(A) provides in part:
"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

The Supreme Court of Ohio has asserted that:

"In reviewing a claim that the jury verdict was against the weight of the evidence, or that the evidence was insufficient, a reviewing court's duty is to review the record to determine whether there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt." *State v. Brown* (1988), 38 Ohio St. 3d 305 (Syl. 4), 528 N.E.2d 523, *cert. denied* (1989), 109 S. Ct.

1177; *see State v. Barnes* (1986), 25 Ohio St. 3d 203, 209, 495 N.E.2d 922; *see also State v. Eley* (1978), 56 Ohio St. 2d 169, syllabus, 383 N.E.2d 132.

R.C. 2913.02, which defines the offense of theft, states in pertinent part:

"(A) No person, with purpose to deprive the owner of property services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

"(1) Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception.

"***

"(B) Whoever violates this section is guilty of theft... if the value of the property or services stolen is less than three hundred dollars, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property stolen is *three hundred dollars or more* and is less than five thousand dollars, ... a violation of this section is a theft, a felony of the fourth degree." (Emphasis added.)

Phillips asserts that the amount of funds overdrawn in his bank account was less than or no more than three hundred dollars. Since the indictment specified an amount "exceeding three hundred dollars," there was insufficient evidence to convict him. We disagree.

The record indicates that the trial court considered the appropriate statutory amount of "$300 or more," in accord with R.C. 2913.02 when it ruled on Phillips' Crim. R. 29 motion for acquittal at the close of the state's case. A review of the record indicates that there was sufficient evidence to convict Phillips under R.C. 2913.02. The testimony of Dollar Bank representatives as well as bank records indicates that the amount of Phillips' theft was at least $300.00. Mr. Jeff Paxton, the security investigator at Dollar Bank, testified that the bank charged Phillips $23.46 on May 27, 1986 for the printing of checks and that Phillips had a negative balance of $20.96 in his account at such time. He further testified that the total loss to Dollar Bank was $317.39 at the time Phillips' account was closed.

Phillips also appears to challenge the credibility of the state's witnesses. We find no reason to upset the jury's evaluation of the witnesses' credibility. The jury's verdict was not against the manifest weight of the evidence. *State v. Thomas* (1982), 70 Ohio St. 2d 79, 434 N.E.2d 1356.

Appellant's assignment of error is overruled.

II.

Appellant's second assignment of error states: "THE DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION."

In *Strickland v. Washington* (1984), 466 U.S. 668, the United States Supreme Court adopted a two-prong analysis for determining whether counsel's assistance was so defective as to require reversal of a conviction:

"*** First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. ***" *Id.* at 687.

The *Strickland* test enunciated above is substantially the same as that applied by Ohio courts. In Ohio, the test for determining effective assistance of counsel is whether the accused, under all the circumstances, had a fair trial and substantial justice was accomplished. *State v. Hester* (1976), 45 Ohio St. 2d 71, 79, 341 N.E.2d 304. In *State v. Lytle* (1976), 48 Ohio St. 391, 396-397, 358 N.E.2d 623, vacated as to the death penalty (1978), 438 U.S. 910, the Supreme Court enunciated a two-part test:

"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." A properly licensed attorney is presumed competent in Ohio. *Vaughn v. Maxwell* (1965), 2 Ohio St. 2d 299, 301, 209 N.E.2d 164. Thus, the defendant has the burden of proving ineffectiveness of counsel. *State v. Smith* (1985), 17 Ohio St. 3d 98, 100, 477 N.E.2d 1128.

Phillips contends that he was denied effective assistance of counsel because his trial attorney did not recognize and object to the language in the indictment stating that the theft involved an amount "exceeding $300.00". Such language did not track the exact statutory language of R.C. 2913.02 which specifies that the value of property stolen be "three hundred dollars or more".

Our review of the record indicates Phillips was afforded a fair trial and effective assistance of counsel insofar as his counsel's representation did not fall below an objective standard of reasonableness. *State v. Bradley* (1989), 42 Ohio St. 3d 136, 538 N.E.2d 373. We find that Phillips was not prejudiced by his attorney's failure to recognize the error in the indictment concerning the value of the property stolen in order to be a felony of the fourth degree. Here, the jury found Phillips culpable of theft if an amount is greater than $300.00.[1] Whether the indictment specified an amount "exceeding $300.00" or "three hundred dollars or more" was not material to Phillips' defense. Any such error by the attorney was harmless. Therefore, we do not find that Phillips was denied effective assistance of counsel. Appellant's assignment of error is overruled. Accordingly, we affirm the judgment of the trial court.

CORRIGAN, P.J., and STILLMAN, J., concur.

Sitting by assignment, Judge Saul G. Stillman, Retired, Eighth District Court of Appeals.

Sitting by assignment, Judge James L. McCrystal, Retired, of the Erie County Common Pleas Court.

---

[1] We note that the trial court charged the jury as to the elements of the theft with the language of R.C. 2913.02 that the value be $300.00 or more of property stolen. Crim. R. 7(D).