MEMORANDUM DECISION
Defendant-appellant, Anthony S. Blackmon, appeals from a decision of the Franklin County Court of Common Pleas denying without a hearing his petition for post-conviction relief. Appellant was convicted of one count of felonious assault with a firearm specification, and sentenced on September 22, 1997, to a term of two years incarceration on the felonious assault count, with an additional three years actual incarceration on the firearm specification. The charges against appellant arose out of an altercation with Leroy Evans, who was then cohabitating with LaTonya Sowers, the mother of appellant's seven-year-old daughter Ashley Blackmon. This court affirmed appellant's conviction inState v. Blackmon (Dec. 3, 1998), Franklin App. No. 97AP-1386, unreported (1998 Opinions 5325).
Appellant filed his motion for post-conviction relief on June 1, 1998. On August 5, 1998, the trial court issued a decision dismissing the petition without a hearing. The court's judgment was journalized on December 2, 1998, and the present appeal ensued. Appellant brings the following two assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED MR. BLACKMON'S RIGHTS TO DUE PROCESS AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT DENIED, WITHOUT A HEARING, MR. BLACKMON'S CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE IN HIS PRESENTATION OF THE DEFENSE.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED MR. BLACKMON'S RIGHTS TO DUE PROCESS AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT DENIED, WITHOUT A HEARING, MR. BLACKMON'S CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE IN HIS TRIAL PREPARATION AND INVESTIGATION.
The state's evidence at appellant's trial was presented principally through the testimony of Leroy Evans, the victim. Evans testified that on September 16, 1996, he was then living with LaTonya Sowers and her two children, thirteen-year-old David Sowers and seven-year-old Ashley Blackmon, the daughter of appellant. At approximately 6:30 p.m., LaTonya received a telephone call from appellant. Evans, who was standing next to the telephone, overheard that appellant was "yelling and cussing" at LaTonya. Evans then grabbed the telephone and told appellant to stop yelling at her, whereupon appellant told Evans not to be present when appellant returned his daughter Ashley from visitation in a few minutes. Shortly thereafter, appellant did arrive with Ashley. Evans remained in the apartment while LaTonya went outside to greet her daughter. Appellant came into the apartment and a confrontation with Evans ensued. During the fight, the two knocked over a television and fell part way through a window, severely cutting Evans' hand. Appellant produced a handgun concealed in a plastic bag and fired it at Evans, but missed. Appellant then fled the apartment and was apprehended by the police later that evening.
Appellant testified to the contrary that on the day in question, he had entered the apartment with a legitimate pretext, and was immediately attacked by Evans. After the two struggled, appellant removed his gun in self-defense and began clubbing Evans on the head with it, whereupon it accidentally discharged. Appellant then made sure Evans had not been struck by the bullet, and left the apartment.
A petitioner bringing a motion for post-conviction relief under R.C. 2953.21 will be entitled to relief only if "the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution."State v. Perry (1967), 10 Ohio St.2d 175. The petitioner bears the burden of submitting affidavits or other documents containing sufficient operative facts to indicate that he is entitled to relief. State v. Capper (1983), 5 Ohio St.3d 36, 38. If the petitioner does not meet this burden, the trial court will not be required to conduct an evidentiary hearing.
Appellant submitted affidavits with his petition, provided by LaTonya Sowers and David Sowers, in an attempt to establish that trial counsel unreasonably failed to interview and call these potential witnesses. The affidavits state that neither defense counsel or anyone acting on behalf of appellant ever contacted the affiants regarding their potential testimony, despite the fact that both of them were subpoenaed by the state for trial. LaTonya Sowers' potential testimony, as set forth in her affidavit, regards the victim's reputation in the community for violence; Evans' general hostility towards appellant, and that appellant had been told before the fight about a previous incident in which Evans had struck Ashley. LaTonya Sowers' affidavit also states that Evans initiated the fight with appellant. David Sowers' potential testimony as set forth in his affidavit was that Evans had given David Sowers a knife with instructions to give it back to Evans "when the fight starts." David Sowers also states in his affidavit that Evans had previously assaulted him, and that Evans initiated the fight with appellant when appellant entered the apartment.
Appellant's petition for post-conviction relief is thus based upon an allegation of ineffective assistance of trial counsel in preparation for and during the course of appellant's trial. In order to establish a claim of ineffective assistance of trial counsel, a defendant must first demonstrate that counsel's performance was so deficient that it was unreasonable under prevailing professional norms. Strickland v. Washington (1984),466 U.S. 668, 687, 688. The defendant must then establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693.
 A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
Id. at 689, citing Michel v. Louisiana (1955), 350 U.S. 91,101. A verdict adverse to a criminal defendant is not necessarily indicative that he received ineffective assistance of counsel.State v. Hester (1976), 45 Ohio St.2d 71, 75. We must therefore examine the impact of the affidavits submitted with appellant's petition, and the potential testimony which they represent in light of the two-prong test set forth in Strickland.
Initially, we note appellant's contention that the trial court incorrectly granted relief upon res judicata as a bar to appellant's petition. "Where defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence [or] the record, resjudicata is a proper basis for dismissing defendant's petition for postconviction relief." State v. Cole (1982), 2 Ohio St.3d 112. In the present case, res judicata is not entirely applicable because information about witnesses who are not called to testify at trial is information outside of the record on direct appeal.State v. Waddell (May 1, 1997), Franklin App. No. 96APA11-1480, unreported (1997 Opinions 1589, 1590.) However, the trial court only applied res judicata with respect to the issues raised in appellant's first assignment of error. Since appellant's first assignment of error concerns defense counsel's performance at trial, and reflects alleged errors which are apparent in the trial transcript, this aspect of appellant's post-conviction action is, in fact, barred by res judicata. The trial court therefore did not err in this respect, and appellant's first assignment of error is accordingly overruled.
We now turn to the issues raised in appellant's second assignment of error, concerning trial counsel's failure to interview the two potential witnesses. Strategic choices based upon reasonable and thorough investigation of law and facts relevant to plausible options in preparing the defense are virtually unchallengable. Strickland, at 690; State v.Johnson (1986), 24 Ohio St.3d 87, 89-91. In the present case, there is no indication in the record or from the post-conviction proceedings, including affidavits, as to why trial counsel declined to interview LaTonya Sowers and David Sowers. On the other hand, it must be recognized that the utility of pursuing these witnesses must have appeared doubtful, to say the least. Both lived with the victim at the time of the assault, and LaTonya Sowers and appellant appeared to have a somewhat hostile relationship. The testimony of both appellant and the victim reflected this tension between LaTonya Sowers and appellant. On their face, these facts alone could provide a reasonable explanation for defense counsel's choice not to interview LaTonya Sowers and David Sowers, even without recourse to any further particulars of which defense counsel might have been aware.
Furthermore, even if LaTonya Sowers and David Sowers had presented testimony at trial corresponding to their present affidavits, we do not find that creates a reasonable probability that, but for counsel's choice not to seek their testimony, the result of the proceeding would have been different. Much, if not all, of the material in the affidavits relating to prior conduct by the victim would have been inadmissible under Evid.R. 404(A)(2). While both affidavits indicate that the victim initiated the physical confrontation by rushing at appellant, appellant was in fact not convicted of simple assault relating to the fight, but of felonious assault based upon his use of a firearm. Neither affidavit contradicts the victim's testimony that appellant had discharged a firearm in his direction. LaTonya Sowers' affidavit states that she was in the apartment during the events leading up to the altercation, but outside at the time the shot was fired. David Sowers' affidavit states that "both parties appeared to be willingly engaged in the fight," but that the victim never asked for the knife which he had previously entrusted to David Sowers. The affidavit does not describe the circumstances under which the shot was fired.
Neither affidavit, therefore, contradicts the state's position that appellant, portrayed in the record as a much larger man than Evans, was the first to introduce deadly force into the physical confrontation, regardless of who had initiated the fight. Neither affidavit supports appellant's trial testimony that the gun accidentally discharged. The affidavits, therefore, do not create a reasonable probability that the outcome of the trial would have been different with respect to appellant's most promising defense to the charges against him, that he had produced his gun in self-defense when assaulted by the victim.
We therefore find that appellant failed to establish operative facts requiring a hearing by the trial court on his petition for post-conviction relief, because, even if given full credence, the affidavits presented by appellant do not raise an issue of ineffective assistance of trial counsel under Strickland.
Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas dismissing his petition for postconviction relief without a hearing is affirmed.
Judgment affirmed.
LAZARUS, P.J., and PETREE, J., concur.