JOURNAL ENTRY AND OPINION
Defendant-appellant Timothy West appeals from convictions following a jury trial for receiving stolen property-license plate (R.C. 2913.51), failure to comply with the order of a police officer (R.C. 2921.331) and receiving stolen property-automobile (R.C. 2913.51). Defendant claims he failed to receive effective assistance of counsel and that the trial court erred in not granting his motion for acquittal on the receiving stolen property counts and the case should be remanded for clarification of his sentence. We affirm the convictions, but remand for resentencing.
Around 9:00 a.m. on December 31, 1997, Middleburg Heights Police Officer Duane Funk was parked at a Motel 6 on Bagley Road and Engle Road in Middleburg Heights investigating a suspicious Chevrolet when he first noticed an older Cadillac being driven in a suspicious manner. The car looked as if it was going to enter the Motel 6 parking lot, but at the last second, it turned into the next driveway leading to the Red Roof Inn. About thirty seconds later, the car drove by the Motel 6 again. The driver looked at the officer a couple of times and headed north on Engle Road. Defendant turned into a Denny's and parked his car in the rear of the building. The defendant looked back at the officer while he entered the restaurant. Officer Funk radioed to Patrolman Valukievic to come to the Denny's parking lot and check on the Cadillac's license plate. The check revealed that the license plate on the Cadillac was registered to a Pontiac. Officer Funk then left in pursuit of the Chevrolet that he had initially been watching.
Patrolman Valukievic testified he ran a license check on the parked Cadillac. He then proceeded to go find Officer Funk. At this time he was driving towards the area south on Engle Road when he spotted the Cadillac coming from the other direction. He made eye contact with the driver as he drove by. Valukievic turned his cruiser around and began to follow the car. At the intersection of Engle and Sheldon, the officer observed the Cadillac go left of center on Engle and pass a car which was waiting in the legitimate turn lane. At this point, Valukievic turned on his lights and siren and attempted to pull over the Cadillac. The Cadillac made a quick left turn and then right into a residential driveway. Defendant drove through the backyard of the home and went down the neighbor's driveway, back onto Sheldon Road. Defendant turned left, northbound on Engle, drove over into the southbound curbside of the road, against traffic for a few hundred feet, and then slowed the vehicle, opened the driver side door, and jumped from the vehicle while it was still in motion. The Cadillac rolled on coming to rest against a tree near the front of a house on Engle Road.
Patrolman Valukievic left his own vehicle and began to follow the defendant by tracking the footprints left in the snow. He lost the trial, however, when the footprints came to pavement where the snow had already melted. Valukievic radioed for assistance and broadcasted a description of his suspect. His dispatch described the suspect as a "white male with brown shoulder length wavy hair, wearing a blue and white checkered flannel type shirt."
Patrolman Carruthers, answering the radio call, spotted defendant walking in the area, on Scott Drive. When Officer Carruthers asked defendant what he was doing, he answered he was looking for his sister's house. However, he could not tell the officer where she lived and he did not know what city he was in. Officer Carruthers said the defendant was breathing heavily and was red faced and had snow in his hair and beard. Carruthers brought the defendant back to Valukievic for identification. Officer Valukievic confirmed the identification.
After the arrest of defendant, because the Cadillac needed to be towed, the police did an inventory search of the vehicle pursuant to departmental policy. Some of the items which were found in the car were a set of keys with Ganley Chrysler tags on them, license plates which were taken from the front and rear of the vehicle, which were identified as belonging to Laurel Hardon, and a plastic license plate and frame belonging to Ganley Chrysler.
All items found in the car were examined for fingerprints. Prints were found on the plastic plate from Ganley which was found in the trunk of the car. These latent prints were later analyzed by forensic scientist Kathleen Linden who concluded that the defendant's left thumb print was present on the plate.
The Middleburg Heights police contacted Denise Ganley of Ganley Chrysler to inquire as to whether the dealership was missing a 1984 Cadillac. Ms. Ganley testified that the dealership was missing a 1984 Cadillac with a VIN number matching the Cadillac that had been the subject of pursuit by Officer Valukievic.
Ms. Lauren Hardon testified that the plates found on the Cadillac belonged on a Pontiac she had leased and that the plates had indeed been stolen around the middle of December.
We will address defendant's assignments of error in the order presented.
 I. THE APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO REQUEST A CHANGE OF CLOTHES FOR THE APPELLANT BEFORE THE JURY WAS BROUGHT IN, CAUSING SEVERE PREJUDICE AGAINST THE APPELLANT.
Defendant asserts denial of his right to effective assistance of counsel. Specifically, he states trial counsel was ineffective in that he failed to have the defendant change out of the clothes he was arrested in for purposes of trial. We find no merit to this contention.
Most recently, the Ohio Supreme Court has stated the standards to be applied in determining whether counsel's assistance was constitutionally ineffective in State v. Calhoun (1999), 86 Ohio St.3d 279,289:
 The United States Supreme Court has established a two-step process for evaluating an allegation of ineffective assistance of counsel:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. 80 L.Ed.2d 674, 693.
 In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Hester (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
 On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; State v. Jackson, 64 Ohio St. 2d at 110-111, 18 O.O.3d at 351, 413 N.E.2d at 822.
While it is true that the clothing worn by defendant at trial was a factor in his being caught and identified by the police on the date of his arrest, identification by clothing was not the critical evidence in the case. The three police officers testified that they had seen the defendant's clothing as well as his face and it was this combination that led to his arrest. In addition, there was evidence presented during the trial that the defendant's fingerprints were found on the stolen license plates retrieved from the trunk of the stolen Cadillac. While there might have been a question of identity at the arrest, the fingerprints found by BCI put any question of identity to rest. Even if the defendant had worn different clothes, the other evidence against him as to his identity and the finding of his prints on the stolen items in question were sufficient for a finding of guilt beyond a reasonable doubt.
Furthermore, defense counsel's actions in not having the defendant wear his prison jumper, but instead change into his own clothes, can fall within the purview of defense counsel's trial tactics. "Judicial scrutiny of counsel's performance is highly differential, and reviewing courts must refrain from second guessing the strategic decisions of trial counsel." State v. Sallie (1998), 81 Ohio St.3d 673, 674. Further, it is not enough to just demonstrate that trial counsel's representation does not fall within the scope of reasonable trial strategy. As the Strickland court noted, "even professionally unreasonable errors by defense counsel do not violate the Sixth Amendment right to counsel absent an actual effect on the outcome of the trial." Strickland, supra, at 689. It is defendant's burden to demonstrate that the verdict would "reasonably likely have been different absent the errors." Given the nature of the eyewitness identification by three police officers and the tell-tale fingerprints there was no likelihood of a different outcome.
Defendant's Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED IN DENYING THE DEFENSE MOTION TO DISMISS THE TWO COUNTS OF RECEIVING STOLEN PROPERTY PURSUANT TO CRIMINAL RULE 29.
The standard of review we must observe in passing on sufficiency of the evidence was set forth by the Supreme Court of Ohio as follows in State v. Thompkins (1997), 78 Ohio St.3d 380,386-87:
 The state asserts that sufficiency of the evidence and weight of the evidence are synonymous legal concepts. They are not. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29 (A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict, is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. 61 L.Ed.2d 560.
In this case, defendant seeks to ignore the totality of the circumstances set forth in the record and reverse the finding of a jury. Beyond the defendant's flight from the police, his fingerprints were found on the license plate found in the stolen car's trunk. This alone was sufficient for a reasonable person to find knowledge for the charge of receiving stolen property in relation to the plates. Upon being pursued by the police, defendant chose to flee in the stolen car. It is certainly reasonable for the jury to have found that the defendant knew both that the car was stolen (due to his abandonment of it) and that the plates were stolen (his prints were on them). This evidence was more than sufficient to avoid a Crim.R. 29 (A) motion.
Defendant's Assignment of Error II is overruled.
 III. THE TRIAL COURT WAS UNCLEAR IN ITS SENTENCING AND THE APPELLANT'S CASE SHOULD BE REMANDED FOR CLARIFICATION OF THE SENTENCE.
At sentencing, the court stated how many months would be served for each count to which defendant was convicted. He received ten months for count one, seventeen months for count two, and an additional twelve months for the third count. Although, the trial court stated that count one would be served concurrently with the second and third counts, but concluded that the total time would be twenty-seven months. (Tr. at 306). The sentence given the defendant in the court's Journal Entry dated August 13, 1998 was twenty-nine months. Given the foregoing discrepancies, this Court affirms the defendant's convictions but remands to the trial court for resentencing.
Defendant's Assignment of Error III is sustained.
Judgment affirmed; remanded for resentencing.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY. J., and ANNE L. KILBANE. J., CONCUR.
 __________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE