THE STATE OF OHIO, APPELLEE, *v.* HESTER, APPELLANT.

[Cite as State v. Hester (1976), 45 Ohio St. 2d 71.]

(No. 75-63—Decided February 4, 1976.)

*Mr. James R. Scott* and *Mr. Robert S. Moorehead,* for appellee.

*Messrs. Brownfield, Kosydar, Bower, Bally & Sturtz* and *Mr. C. William Brownfield,* for appellant.

POTTER, J. Appellant's proposition of law No. 1 is as follows:

"R. C. 2953.21(C) provides a mandatory requirement that the dismissal of a criminal defendant's petition for postconviction relief be accompanied by findings of fact and conclusions of law with respect to such dismissal, which shall be filed with the record of the case."

We agree.

With regard to postconviction relief, R. C. 2953.21 provides as follows:

"Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal."

The holding in the recent case of *State* v. *Lester* (1975), 41 Ohio St. 2d. 51,[1] mandates a finding that appellant's

---

[1] See the second paragraph of the syllabus, as follows: "R. C. 2953.21 requires the trial court to consider the allegations of the petition for postconviction relief and the particular facts upon which the petitioner bases his claim; if, upon such consideration, the trial court finds no grounds for a hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition."

See the opinion, at page 55, as follows: "One basis for summary dismissal of a petition is the doctrine of *res judicata.* If the trial court finds, on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by *res judicata.* The determination of whether an issue is

74

first proposition of law is well taken. The judgment of the Court of Appeals must be reversed and the cause remanded to the Court of Common Pleas so that the court may comply with R. C. 2953.21 *et seq.,* and particularly R. C. 2953.21(C). See, also, *State* v. *Brown* (1974), 41 Ohio App. 2d 181, in reference to the amendment to R. C. 2953.21 adding subsection (C).

Appellant's proposition of law No. 2 is as follows:

"Where a criminal defendant for the first time raises insufficiency of his trial counsel as a basis for postconviction relief under R. C. 2953.21, the doctrine of *res judicata* is an improper basis for dismissal of the petition."

The implied prerequisite to stating a cause of action under R. C. 2953.21 is that petitioner allege grounds to the effect that the judgment is "void or voidable under the Ohio Constitution or the Constitution of the United States." For a history of Ohio's Postconviction Remedy Act, see *Dayton* v. *Hill* (1970), 21 Ohio St. 2d 125; and for a definition of the term "voidable," see *State* v. *Perry* (1967), 10 Ohio St. 2d 175.

Appellant does not allege that the judgment of the Court of Common Pleas was void but that he was denied rights guaranteed under the Sixth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment. He asserts he was not given effective assistance of counsel for his defense.

The claim of ineffective counsel is not, *ipso facto*, barred by the doctrine of *res judicata.* See *Dayton* v. *Hill, supra*, at page 125, as follows:

"At the outset, it should be noted that the allegation

---

barred by *res judicata* largely involves a perusal of the facts of record, turning on such matters as the issues raised at trial and upon appeal, the availability of evidence and witnesses, and the jurisdiction of the trial court.* Thus, in accordance with the procedure set out in *State* v. *Perry, supra,* when a petition is summarily dismissed because all claims raised are barred by *res judicata,* the trial court should make and file findings of fact and conclusions of law with respect thereto, and, where appropriate, should specify the portions of the files and records which establish the bar of *res judicata.*

"*Res judicata* does not however bar a claim of denial of effective representation of counsel. *State* v. *Juliano* (1970), 24 Ohio St. 2d 117."

of denial of counsel (and the admission thereof for purposes of the demurrer) removes from these cases the question of *res judicata,* decided in *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 226 N. E. 2d 104.''

See, also, *State* v. *Juliano* (1970), 24 Ohio St. 2d 117; *State* v. *Lester, supra,* at page 55; and A. B. A. Standards Relating to Post-Conviction Remedies, Section 6.1.

In holding that the doctrine of *res judicata* does not apply, we note that the record does not disclose that the issue of competent counsel has been adjudicated. The first petition for postconviction relief in essence was a motion for delayed appeal. See *State* v. *Lester, supra,* at page 53, as follows:

''* * * This claim [failure to advise regarding appeal rights] is properly raised by way of motion for leave to appeal in a Court of Appeals (*State* v. *Sims* [1971], 27 Ohio St. 2d 79), and is not cognizable in an appeal from a denial of postconviction relief.''

The Court of Common Pleas in considering the first postconviction petition and the Court of Appeals on the merit hearing did not, from the errors assigned and from the record, determine the issue of lack of competent counsel. *State* v. *Carter* (1973), 36 Ohio Misc. 170, 174, contains an analogous fact situation and persuasive reasoning, as follows:

''This decision should *not* be cited as authority for the proposition that the allegation of the inadequacy of counsel can *always* be raised in a petition for postconviction relief under Revised Code Section 2953.21 *et seq.* This decision must be strictly limited to its facts, to wit: To situations in which the Court of Appeals, on direct appeal of the case, declines to consider the merits of the allegation of inadequacy of counsel for the reason that same had not been raised at any stage of the trial court proceedings. Of course, had the Court of Appeals considered this issue on its merits, and ruled adversely to the defendant, the issue would have been adjudicated against him and such an allegation in a postconviction petition would have been improper since it would have been *res judicata* pursuant to the *State* v. *Perry* decision. * * *''

Under the facts of our case the doctrine of *res judicata* is not applicable.

Appellant's proposition of law No. 3 reads as follows:

"Where a criminal defendant, by way of petition for postconviction relief, alleges that his trial counsel failed generally to engage in pre-trial discovery or investigation; neglected to call an expert witness to present relevant testimony concerning defendant's alcoholism and the 'blackouts' which resulted therefrom; and did not object to unconstitutional one-man 'line-up' procedures employed by the state which reinforced defendant's in-court identification as the individual who robbed the complainant, sufficient grounds are presented to require a hearing under R. C. 2953.21(C)."

We find appellant's third proposition of law well taken. Further, although a record may contain sufficient evidence that counsel has been in fact incompetent (or competent), evidence determinative of this question is usually dehors the record and, generally, an evidentiary hearing or summary judgment procedure is required. See *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46; *State* v. *Mishelek* (1975), 42 Ohio St. 2d. 140.

Appellee postulates that all the foregoing may be a vain act, for even if the allegation of negligence of retained counsel is not barred by *res judicata* the negligence of retained counsel is insufficient for a reversal or the granting of a new trial. There is certainly lack of unanimity in the holdings of the various jurisdictions and sometimes within the same jurisdiction. Some courts have held that the fact that counsel was retained discharges any duty on the state; other courts have dual standards in cases involving court-appointed counsel and retained counsel. By our holding as to propositions of law numbered 1, 2 and 3, we recognize that an appellant may present for determination the claim of ineffective retained counsel. We follow the precedent established in the case of *Cornwell* v. *State* (1922), 106 Ohio St. 626. In that case, where there was both retained counsel and appointed counsel, this court stated, at page 628:

"* * * It is sufficient to say that upon the whole record,

especially as discussed and illustrated by counsel during the argument of this cause in this court, it is apparent that defendant did not have that fair trial and disclosure of all the facts and circumstances surrounding the transaction that the constitutional guarantees contemplate; and, without further comment, the majority of this court have no hesitation in holding that substantial justice has not been done, according to due process of law * * *.''

The landmark case, although subsequent to *Cornwell supra,* for the right to effective counsel under the Fourteenth Amendment, is *Powell* v. *Alabama* (1932), 287 U. S. 45. Thereafter a multiplicity of cases and variations of standards were spawned. The term ''effective counsel'' is one of art and is not subject to a precise definition. A criminal trial is not analogous to an airplane landing, and a good result is not necessarily one that permits the accused to walk away. The acquittal of the accused is not the test. See *Mitchell* v. *United States* (C. A. D. C. 1958), 259 F. 2d. 787, where the terms ''effective assistance of counsel'' and ''successful assistance'' are defined, and see, also, *State* v. *Cutcher* (1969), 17 Ohio App. 2d 107. Courts, however, have been reluctant to specify standards, and more frequently discussed is what was or was not incompetency relative to sustaining a judgment.[2]

---

[2]Regarding inexperience, lack of skill, misleading advice, see *Andrews* v. *Robertson* (C. A. 5, 1944), 145 F. 2d 101, certiorari denied 324 U. S. 874; *United States* v. *Cariola* (D. N. J. 1962), 211 F. Supp. 423;

Lack of interest and alleged solicitation of funds by counsel for illegal purpose: *People* v. *Lomax* (1971), 49 Ill. 2d 549, 276 N. E. 2d 292;

Inadequate investigation: *Fritz* v. *State* (Mo. App., K. C. Dist. 1975), 524 S. W. 2d 197;

Intoxication, *Franklin* v. *State* (1971), 251 Ark. 223, 471 S. W. 2d 760.

Professional judgment: *Davis* v. *State* (Ind. 1975), 330 N. E. 2d 738;

Trial strategy: *United States, ex rel. Bloeth,* v. *Denno* (C. A. 2, 1963), 313 F. 2d 364; *People* v. *Gauze* (App. 1975), 118 Cal. Rptr. 220;

Failure to bring appeal: Cf. *Kallie* v. *Estelle* (C. A. 5, 1975), 515 F. 2d 588;

For many other illustrations, see Waltz, Inadequacy of Trial Defense Representation as a Ground for Post-Conviction Relief in Criminal Cases, 59 Nw. U. L. Rev. 289;

In regard to effectiveness of retained counsel, many courts have adopted the test as to whether or not the proceedings were reduced to a farce and a mockery of justice, shocking to the conscience of the court. See, *e. g., Scott* v. *United States* (C. A. 6, 1964), 334 F. 2d 72; *Schaber* v. *Maxwell* (C. A. 6, 1965), 348 F. 2d 664 (court appointed counsel, but with a reference to the rule); 21 American Jurisprudence 2d 342, Criminal Law, Section 315; 15 Ohio Jurisprudence 2d (Rev. ed.) 427, Criminal Law, Section 120. However, an earlier Sixth Circuit case of *Craig* v. *United States* (C. A. 6, 1954), 217 F. 2d 355, stated it was immaterial whether counsel was retained or appointed.

The seesaw between the standards discussed in *Schaber, supra,* was recently commented upon in *Beasley* v. *United States* (C. A. 6, 1974), 491 F. 2d 687. In that case, the court, at page 695, examined at length the phrase, "a farce and a mockery of justice, shocking to the conscience of the court," and found it had no obvious intrinsic meaning. It held along with the Fifth and District of Columbia Circuits that such test should be abandoned as a meaningful standard for testing Sixth Amendment claims. The court noted that the District of Columbia Circuit's rejection of the subjective standard was especially significant because it was that circuit which established it in *Diggs* v. *Welch* (C. A. D. C. 1945), 80 U. S. App. D. C. 5, 148 F. 2d 667. See *Bruce* v. *United States* (C. A. D. C. 1967), 379 F. 2d 113; *Scott* v. *United States* (C. A. D. C. 1970), 427 F. 2d 609.

*Beasley, supra*, at page 696, prescribed a standard that: "* * * assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance." Although Beasley had appointed counsel, this was not the issue. We also reject the "farce and mockery" standard as a meaningful test.

Subsequent to the *Beasley* case, in *Fitzgerald* v. *Estelle* (C. A. 5, 1974), 505 F. 2d 1334, the court *en banc* reviewed many of the cases relative to retained and appointed counsel and the constitutional standards to be applied in determining effective assistance of counsel. The court held that the effectiveness of representation by both

retained and appointed counsel must be gauged by the same standard. In reaching its conclusion the court stated, at page 1336, that:

"* * * the conviction of a defendant after a trial that is fundamentally unfair, whatever the cause of such unfairness, violates Fourteenth Amendment due process. * * *"

The court stated further, as follows:

"* * * Whenever a defendant has been convicted as the result of such a gross malfunction, the result is that the state's criminal justice system has operated to deny due process. Requisite Fourteenth Amendment state action is present, not because a state official knew the particulars of the unfairness or because retained counsel is deemed a state official, but because the system has failed, and the state's consequent imprisonment or fine of the defendant is fundamentally wrong. In the same manner, whenever a lawyer's ineffectiveness has rendered a trial fundamentally unfair, whether he be retained or appointed and whether his action or inaction was known or unknown to state trial officials, a deprivation of Fourteenth Amendment due process results from enforcement of the resultant judgment."

In formulating a test for effective counsel pursuant to the Fifth, Sixth and Fourteenth Amendments, and Sections 10 and 16 of Article I of the Ohio Constitution we note with approval tests articulated in *State* v. *Cutcher, supra, Cornwell* v. *State, supra,* and *Kramer* v. *Alvis* (1956), 103 Ohio App. 324. Balancing the rights of the accused and of the public, we hold the test to be whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done.

Our test avoids the anomaly that one who employs his own counsel may have a lower standard applied to measure his constitutional right to assistance of counsel than one who at state expense had appointed counsel. See *Fitzgerald* v *Estelle, supra,* at page 1344, Godbold, J., concurring in part.

Application of this standard also avoids the charade

of "agency" or "imputed negligence" of retained counsel to the accused and "state action" where counsel is not court appointed. If state action is needed the conviction supplies that ingredient. See Waltz, Inadequacy of Trial Defense, *supra* (59 Nw. U. L. Rev. 289); Craig, The Right to Adequate Representation in the Criminal Process: Some Observations, 22 Sw. L. J. 260; 78 Harv. L. Rev. 1434, at page 1437, Retained Counsel and the State Action Theory.

Application of the test, like the application of the exclusionary rule, must be on a case-to-case basis. The trial court may find assistance in a number of related pronouncements. For example, Pattern Rules of Court and Code Provisions, based upon the A. B. A. Standards for Criminal Justice by Wilson, for the Committee on Implementation of Standards for the Administration of Criminal Justice; the A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services, and Standards Relating to the Defense Function; Cf. Standards Relating to Criminal Appeals and Standards Relating to Post-Conviction Remedies (*supra*).

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for HERBERT, J.

CELEBREZZE, J., concurring. I concur with the majority as set forth in the opinion and also for the reasons appearing in Chief Judge Bazelon's opinion in the case of *United States* v. *De Coster* (1973), 487 F. 2d 1197, concerning the ineffective assistance of counsel.

CORRIGAN, J., concurs in the foregoing concurring opinion.