{¶ 98} I concur in judgment only and write separately to add my reasons for overruling Jackson's assignments of error.
 Crawford Violation {¶ 99} First, Jackson argues that Det. Schroeder's testimony regarding Erman's statement violated Crawford v. Washington
(2004), 541 U.S. 36, 158 L.Ed.2d 177, 124 S.Ct. 1354. The United States Supreme Court held in Crawford that the testimonial statement of a witness who is absent from trial is to be admitted only when the declarant is unavailable and only when the defendant has had a prior opportunity to cross-examine the declarant. Id. at 39. Although the Court declined to provide an exhaustive definition of "testimonial," it stated that the term encompasses, at a minimum, statements arising from preliminary hearings, grand jury investigations, previous trials, and police interrogations. Id. at 53. The Court further recognized that statements "made under circumstances which would lead an objective witness to reasonably believe that the statements would be available for use at a later trial" were testimonial. Id. at 28.
 {¶ 100} Applying Crawford to the instant case, Erman made his statement to Det. Schroeder when questioned during his arrest. Therefore, under Crawford, the statement is testimonial, because it was "made under circumstances which would lead an objective witness to reasonably believe that his statement would be available for use at a later trial."Crawford, supra at 28. Consequently, the statement is not admissible under the confrontation clause unless:
1) Erman was unavailable to testify; and 2) Jackson had a prior opportunity for cross-examination. Crawford, supra at 39. Here, Erman testified at Jackson's trial and Jackson was able to cross-examine him. Therefore, there is no Crawford violation because it is not a statement of a witness who is absent from trial. After Det. Schroeder's testimony, Jackson could have called Erman back to the stand to question him about Schroeder's testimony, but he chose not to recall him.
 {¶ 101} Therefore, I would find that Jackson'sSixth Amendment right to confront witnesses was not violated when Schroeder testified as to what Erman told him during the arrest.
 {¶ 102} Therefore, I agree to overrule the first assignment of error.
 Inadmissible Testimony {¶ 103} In his second assignment of error, Jackson argues that he was denied his constitutional right to a fair trial when the court failed to immediately strike the inadmissible and unfairly prejudicial responses of Det. Schroeder. These responses included Schroeder testifying that he had arrested Jackson before, that Jackson had a drug offense record, that Jackson's brother was in jail, and that Jackson's family was "dangerous."
 {¶ 104} Because Jackson's counsel did not object or move to strike these responses, I would review this testimony under the plain error doctrine of Crim.R. 52(B). Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The standard for noticing plain error is set forth inState v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240:
"By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings. * * * Third, the error must have affected `substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." (Citations omitted.)
 {¶ 105} An error that satisfies these three limitations may be corrected by the appellate court. However, notice of plain error should be done "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, 97.
Additionally, this matter was tried before the bench and as a matter of law, a reviewing court presumes that a judge will consider only relevant, material, and competent evidence. Statev. Chandler, Cuyahoga App. No. 81817, 2003-Ohio-6037, citingState v. Post (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754, certiorari denied (1988), 484 U.S. 1079, 98 L. Ed. 2d 1023,108 S. Ct. 1061. Absent an affirmative showing that the trial court failed to consider only properly admitted evidence, there is no reversible error. State v. Wiles (1991), 59 Ohio St.3d 71, 86,571 N.E.2d 97, citing Post, supra.
 {¶ 107}
 {¶ 106}
In the instant case, Jackson has failed to show that this testimony violated his substantive rights to the point that the outcome of the trial would have been different but for the testimony. Moreover, the testimony was proper because it related to Schroeder's identification of Jackson as the person making the hand-to-hand transaction, and counsel was attempting to impeach Det. Schroeder's identification with this line of questioning.
 {¶ 108} Therefore, I agree to overrule the second assignment of error.
 Effective Assistance of Counsel {¶ 109} In his third assignment of error, Jackson argues that he was denied the effective assistance of counsel.
 {¶ 110} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 104 S. Ct. 2052. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard or reasonableness, and
(2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal,87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing Strickland,
supra at 687-688.
 {¶ 111} In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v.Hester (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." Statev. Lytle (1976), 48 Ohio St.2d 391, 358 N.E.2d 623, vacated on other grounds (1978), 438 U.S. 910, 57 L. Ed. 2d 1154,98 S. Ct. 3135; State v. Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102,714 N.E.2d 905.
 {¶ 112} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus;Strickland, supra, at 686.
 {¶ 113} The failure to prove either prong of the Strickland
two-part test makes it unnecessary for a court to consider the other prong. Madrigal, supra, at 389, citing Strickland,
supra, at 697.
 {¶ 114} Jackson argues that his trial counsel was ineffective for failing to object to the questions he asked of Schroeder or to move to strike Schroeder's responses. As discussed above, there was no prejudice to Jackson from Schroeder's testimony. Moreover, the testimony was proper because it was counsel's trial strategy to impeach Schroeder's identification of Jackson as the person Schroeder saw making the hand-to-hand transaction.
 {¶ 115} Finally, Jackson has failed to demonstrate how the result of his trial would have been different had his trial counsel avoided this line of questioning.
 {¶ 116} Therefore, I agree to overrule the third assignment of error.
 {¶ 117} Finally, I would affirm the conviction and overrule the last assignment of error because the trial court, as the trier of fact, did not lose its way.
 {¶ 118} The record demonstrates that Erman bought a rock of crack cocaine from an African-American male on West 130th
Street. Although he could not identify Jackson at trial, he stated that he did not really look at the person selling the drugs because he just wanted to get the rock and "get the hell out of there."
 {¶ 119} Det. Schroeder testified that he witnessed a hand-to-hand transaction between Erman and Jackson. He testified that he knew Jackson from prior arrests. When Erman was pulled over and searched, police found a rock of crack cocaine. Erman testified, and also told Schroeder at the time of his arrest, that he had just purchased the cocaine on West 130th Street.
 {¶ 120} Therefore, I agree that the conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.