OPINION
{¶ 1} Defendant-appellant, Richard Markin ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas convicting him of one count of harassment by an inmate, a felony of the fifth degree, in violation of R.C. 2921.38.
 {¶ 2} On January 2, 2004, Officer Reader of the Columbus Police Department arrested appellant for disorderly conduct. Officer Reader brought appellant to the Franklin County Jail. While at the jail, appellant, who was apparently very intoxicated, became belligerent and uncooperative. Deputies Kolesar and Clark escorted appellant to a holding cell on the third floor. After appellant was placed into the cell, appellant allegedly expectorated on Deputy Clark. Although Deputy Kolesar had been filming the transfer of appellant to the holding cell, he had already turned off the camera when the spitting allegedly occurred. Appellant denied spitting on Deputy Clark. On April 14, 2004, appellant was indicted by a Franklin County Grand Jury on one count of harassment by an inmate, a felony of the fifth degree. A jury trial was held, and on December 15, 2004, the jury returned a verdict of guilty. The trial court proceeded immediately to sentencing, and sentenced appellant to nine months in prison.
 {¶ 3} On appeal, appellant raises the following two assignments of error:
I. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
II. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW BY FAILING TO INSTRUCT THE JURY ON ALL ELEMENTS OF THE INDICTMENT.
 {¶ 4} In his first assignment of error, appellant argues that he did not receive effective assistance of counsel at trial. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington
(1984), 466, U.S. 668, 686, 104 S.Ct. 2052, 2064. In order to establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that his trial counsel's performance was so deficient that it was unreasonable under prevailing professional norms. Id. at 687. The defendant must then establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693.
 {¶ 5} According to Strickland:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Id. at 687.
 {¶ 6} "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689, quotingMichel v. Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158. A verdict adverse to a criminal defendant is not of itself indicative that he received ineffective assistance of trial counsel. State v. Hester (1976), 45 Ohio St.2d 71, 75.
 {¶ 7} Appellant argues that his trial counsel's performance was deficient because his counsel disclosed, during direct examination, that appellant had prior criminal convictions, some of which were not admissible under Evid.R. 609. Appellant directs us to the following portion of his testimony on direct examination:
[Appellant's counsel]: Rich, you have been in trouble, a little bit before this time; is that correct?
[Appellant]: Yes, sir.
[Appellant's counsel]: And that was for, you pled guilty to menacing, did you not?
[Appellant]: I don't remember.
[Appellant's counsel]: April 13 of '95, right?
[Appellant]: I don't remember. I mean, probably, yes. Probably so.
[Appellant's counsel]: All right. And also unauthorized use of property, in 1998; is that correct?
[Appellant]: Probably so.
[Appellant's counsel]: And finally, two domestic violence in March of '99, right?
[Appellant]: Yes. I believe there was a fourth degree misdemeanor domestic violence.
(Tr. 59-60.)
 {¶ 8} Appellant also directs us to the portion of appellant's testimony in which he states that he was arrested for disorderly conduct on the night of January 2, 2004, and that he entered a guilty plea to that charge. Appellant contends that his counsel was ineffective for placing these convictions into evidence because they are misdemeanor convictions, and therefore not admissible under Evid.R. 609.
 {¶ 9} Evid.R. 609 prohibits the impeachment of a witness, including the accused, by conviction of a crime, unless that crime could have been punishable by imprisonment in excess of one year, or involved dishonesty or false statement. However, in the present case, the admission of appellant's misdemeanor convictions was not brought into evidence in an effort to impeach him, but rather, the evidence was solicited by appellant's trial counsel, and now on appeal, appellant contends that this should not have occurred.
 {¶ 10} First, we note that it is not clear from the record what the offense level was for those convictions about which appellant testified. However, appellant contends that since menacing cannot be anything but a misdemeanor, at the very least, it was error for this conviction to have been admitted. While the menacing conviction may not have been admissible, appellant had other convictions, both misdemeanors and felonies, that were likely admissible, but were not mentioned at all during trial. Appellant contends that the introduction of his convictions hurt his credibility, but it is logical to conclude that this was a strategic decision on the part of appellant's trial counsel to avoid what likely would have been a more devastating blow to appellant's credibility had his convictions been brought up first by appellee on cross-examination. However, since the felonies and other convictions were not introduced, appellant argues that there was not a blow to soften. We find no merit to this argument because appellant's trial counsel elicited the testimony on direct examination, and could not have anticipated that appellee would not cross-examine on this issue. In fact, it is entirely likely that trial counsel's strategy worked in favor of appellant because it appears that the prosecutor did not see the need to mention the convictions, possibly because appellant already testified to their existence, or because appellee overlooked the fact that appellant had convictions in addition to those about which he testified on direct examination. Thus, under these circumstances, we cannot find that appellant has overcome the presumption that the challenged action was anything but sound trial strategy.
 {¶ 11} Further, even if this court did conclude that this testimony should not have been allowed, appellant has not demonstrated that, but for this error, the outcome of this case would have been different. The evidence adduced at trial consisted of the testimony of two witnesses, both of whom are law enforcement officers, a partial videotape of the events, and appellant's testimony, wherein appellant admitted being verbally abusive. Very substantial evidence supported appellant's conviction, and therefore, we find that appellant has not demonstrated that the result of the trial would have been different had evidence of the prior convictions not been introduced by appellant's counsel. Accordingly, we overrule appellant's first assignment of error.
 {¶ 12} In his second assignment of error, appellant contends that the trial court erred by failing to instruct the jury on one element of the indictment. Specifically, appellant contends that the trial court failed to instruct the jury on the element of harassment by an inmate that provides that the defendant must be a "person confined in a detention facility." (Ohio Jury Instruction 521.38.) In instructing the jury, the trial court stated:
The defendant is charged with one count of harassment by an inmate. Before it can be said that the State has proved his guilt, you must find beyond a reasonable doubt that on or about January 3, 2004, that the defendant, Richard Markin, in Franklin County, he did with the intent to harass, annoy, threaten, or alarm Deputy John Clark, he knowingly caused or attempted to cause Deputy Clark to come into contact with a bodily substance; in this case, being spit, by expelling the spit upon Deputy Clark.
(Tr. 97.)
 {¶ 13} Appellant did not object at trial to the jury instruction given, thus appellant has waived all but plain error.[1] "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of court." Crim.R. 52(B). In State v. Long (1978),53 Ohio St.2d 91, stated in paragraph two and three of the syllabus:
2. A jury instruction violative of R.C. 2901.05(A) does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.
3. Notice of plain error under Crim. R.52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.
 {¶ 14} Here, there is ample evidence that appellant was confined to a detention facility at the time of the offense. Not only did the testimony of the two deputies, and the videotape establish appellant's confinement, appellant admitted the same during his testimony. Thus, even if the trial court included the language that appellant had to be a person confined in a detention facility, the outcome of the trial would not have been otherwise. See State v. Finkes (Mar. 28, 2002), Franklin App. No. 01AP-310, 2002-Ohio-1439. Accordingly, we overrule appellant's second assignment of error.
 {¶ 15} For the foregoing reasons, we overrule appellant's two assignments of error, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.
[1] Crim.R. 30(A) provides in part, "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."