[Cite as *In re C.W.*, 2019-Ohio-814.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re C.W.

Court of Appeals No. WD-18-057

Trial Court No. 2018 JA 0438

**DECISION AND JUDGMENT**

Decided:  March 8, 2019

* * * * *

W. Alex Smith, for appellant.

Paul A. Dobson, Wood County Prosecuting Attorney, and
Charles S. Bergman, Chief Assistant Prosecuting Attorney,
for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, C.W., appeals the July 19, 2018 judgment of the Wood County
Court of Common Pleas, Juvenile Division, finding her delinquent for committing
felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree.
Finding no error, we affirm.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

THE DEFENDANT-APPELLANT'S PLEA RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION IN ARTICLE I. § 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

## Background

{¶ 3} In June of 2018, appellant chased and grabbed her younger sister (the victim) by the hair, threw her down to the floor, and stood over her with a knife.

{¶ 4} Appellant was charged with felonious assault, and the matter proceeded to adjudication on June 12, 2018. Appellant, the victim, two of their siblings, and a police officer testified at the hearing.

{¶ 5} The trial court found appellant delinquent for committing the felonious assault. On July 17, 2018, a dispositional hearing occurred and the court ordered appellant committed to an indefinite term consisting of a minimum period of one year or until appellant reaches age 21. Appellant was 14 years old.

{¶ 6} This commitment was stayed on conditions that appellant complete 16 hours of community service, serve 43 days in the detention center, be on supervised probation, take part in counseling, and pay a $50 probation supervisor fee. The judgment was journalized July 19, 2018, and appellant now appeals.

2.

## Analysis

{¶ 7} In the sole assigned error, appellant challenges as ineffective assistance her trial counsel's strategy of not objecting to the six-year-old victim's mother being present during the victim's testimony. Appellee contends appellant's counsel was not ineffective and that appellant cannot show prejudice where the outcome would not have been different.

{¶ 8} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court must determine whether there has been a substantial violation of any of defense counsel's essential duties to her client and whether the defense was prejudiced by counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). To show prejudice, one must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 9} In this case, appellant concedes her trial counsel's decision to not challenge her mother's presence in the courtroom during the victim's testimony was trial strategy. Appellant, nevertheless, argues this decision was ineffective assistance because it was obvious that such an error would adversely affect her position. She specifically asserts

3.

that her counsel's "nice and compassionate" attitude was not the zealous advocacy the Ohio and United States Constitutions grant the accused.

{¶ 10} We disagree with appellant. Based on our review, we find the record reflects appellant's counsel requested the witnesses be separated and stated "[a]nd if mom is going to testify, we probably would not want her in the courtroom at this point." The prosecutor did not object to the mother being removed, and she was removed from the courtroom. She was then asked to come back in during a sibling-witness's testimony because the witness began to sob on the stand. Even the court stated that it was going to recommend the mother return to the courtroom at that point. We emphasize that the mother never did testify as a witness, which was the reason the court originally removed her.

{¶ 11} We, therefore, cannot say trial counsel's strategy of not objecting to the mother remaining in the courtroom was an obvious prejudicial error.

{¶ 12} Accordingly, we are not convinced counsel's decision regarding the mother being present in the courtroom during witness testimony adversely affected appellant's position. We otherwise find no indication in the record appellant's trial outcome would have been different had the mother not been in the courtroom. Thus, we cannot say counsel committed a substantial violation of duty which prejudiced appellant. Appellant's sole assignment of error is not well-taken.

4.

## Conclusion

{¶ 13} The judgment of the Juvenile Division of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____

Christine E. Mayle, P.J. _____        JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.