[Cite as *State v. Shelley*, 2023-Ohio-1528.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      v.

MEGAN LEE ELIZABETH SHELLEY,
AKA MEGAN L. STRAWN,

      DEFENDANT-APPELLANT.

CASE NO. 2-22-17

**O P I N I O N**

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      v.

MEGAN LEE ELIZABETH SHELLEY,
AKA MEGAN L. STRAWN,

      DEFENDANT-APPELLANT.

CASE NO. 2-22-18

**O P I N I O N**

**Appeals from Auglaize County Common Pleas Court
Trial Court Nos. 2020-CR-156 and 2022-CR-71**

**Judgments Affirmed**

**Date of Decision:  May 8, 2023**

**APPEARANCES:**

    *Peter Galyardt* **for Appellant**

    *Benjamin R. Elder* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Megan Shelley ("Shelley") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County ordering her to serve a consecutive sentence. Shelley claims on appeal that 1) the trial court erred by imposing consecutive sentences, 2) Ohio's sentencing scheme is unconstitutional, and 3) she was denied the effective assistance of counsel. For the reasons set forth below, the judgments are affirmed.

*Appellate Case Number 2-22-17 Background*

{¶2} On November 13, 2020, the Auglaize County Grand Jury indicted Shelley in case number 2020-CR-156 on one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree and one count of possession of drugs in violation of R.C. 2925.11(A),(C)(1)(a), a felony of the fifth degree. On December 14, 2020, Shelley filed a motion for intervention in lieu of conviction. On March 4, 2021, the trial court granted the motion for invention in lieu of conviction. Shelley and the State entered into a negotiated plea agreement, which would go into effect if she failed to comply with the terms of her intervention. The agreed plea amended count one to be an attempted tampering with evidence, which then became a felony of the fourth degree. The intervention was stayed on March 26, 2021 after Shelley failed to comply and a bench warrant for her arrest was issued.

**{¶3}** On May 4, 2022, the State filed a motion to revoke the intervention in lieu of conviction. The affidavit attached to the motion indicated that Shelley had violated the terms of her intervention by 1) failing to report to her supervising officer, 2) speaking with a person with whom she was to have no contact, and 3) testing positive for multiple illegal substances. A hearing was held on the motion on August 5, 2022. Shelley admitted to the violation and the trial court found her guilty of the violation and guilty, pursuant to the plea agreement, of attempted tampering with evidence and possession of drugs. The trial court sentenced Shelley to 12 months in prison for each of the offenses and ordered the sentences be served consecutively for an aggregate sentence in this case of 24 months. The trial court also ordered that the sentence in this case be served consecutive to the sentence in Mercer County Case Number 21-CRM-146 and consecutive to Auglaize County Case Number 2022-CR-71. Shelley appealed from this judgment and the case was assigned number 2-22-17

*Appellate Case Number 2-22-18 Background*

**{¶4}** On November 18, 2021, the Auglaize County Grand Jury indicted Shelley in case number 2022-CR-71 on one count of involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree and one count of trafficking in fentanyl in violation of R.C. 2925.03(A)(1), (C)(9)(b), a felony of the fourth degree. On August 5, 2022, Shelley entered into a negotiated plea agreement in which she agreed to enter pleas of guilty to the indicted offenses. Both Shelley and

the State agreed to recommend a sentence of 6 years minimum in prison for the involuntary manslaughter and 18 months in prison for the trafficking in fentanyl with the sentences to be served concurrently. The agreement also indicated that the State would be asking for the agreed sentence in this case to be served consecutive to that in case number 2020-CR-156, but concurrent to the Mercer County case. The trial court accepted Shelley's guilty plea and proceeded to find her guilty of the charges in the indictment. The trial court then imposed the agreed sentence for an aggregate prison term in this case of six to nine years. The trial court ordered that the sentence in this case be served consecutive to that in case number 2020-CR-156 as agreed. However, the trial court deviated from the agreed sentence by ordering the sentence in this case to be served consecutive to the Mercer County Case number 21-CRM-146 as well. Shelley appealed from this judgment and the case was assigned number 2-22-18.

{¶5} On appeal, Shelley raises the following assignments of error.

## First Assignment of Error

**The trial court erred when it sentenced [Shelley] to consecutive sentences that are not clearly and convincingly supported by the record.**

## Second Assignment of Error

**Ohio's sentencing scheme of potentially enhanced penalties for qualifying first- and second-degree felonies as administratively determined by the Department of Rehabilitation and Correction, which was applied to [Shelley], is unconstitutional.**

-4-

**Third Assignment of Error**

**[Shelley's] trial counsel rendered ineffective assistance of counsel, in violation of her constitutional rights.**

*Consecutive Sentences*

{¶6} In the first assignment of error, Shelley claims that the trial court erred by ordering the sentences to all be served consecutively. An appellate court may only reverse a sentence if it finds by clear and convincing evidence that 1) the record does not support the trial court's findings or 2) the sentence is contrary to law. R.C. 2953.08(G)(2)(a). In this case, Shelley is challenging the trial court's decision to require the sentences to be served consecutive to the case in Mercer County.

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶7}** The trial court in this case followed the agreed sentence regarding how the sentences on appeal would be served in relation to each other. However, the trial court deviated from the agreed sentence when ordering the sentences to be served consecutive to that imposed in Mercer County.

> I am going to deviate from the joint agreement. After I consider the PSI and then consider the Victim Impact Statement, and when I consider the guidelines that I'm supposed to follow with respect to consecutive versus concurrent, the Court finds that consecutive services [sic] is necessary to protect the public from future crime and to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public; and finds that the Defendant committed the offenses in Case 2022-CR-71 while awaiting sentencing and trial, - while awaiting sentencing, and was really under Intervention In Lieu, which is still pending sentencing in Case 2020-CR-156, and committed the offenses,- and also her history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender, and finds that the offenses in Case 2022-CR-71 were committed as a part of a course of conduct, and the harm caused by those offenses so committed was so great that no single prison term for the offenses committed as part of the course of conduct adequately reflects the seriousness of the offender's conduct.

Tr. 47-48. A review of the record shows that in case number 2020-CR-156, Shelley was participating in an intervention in lieu of conviction plan at the time she committed the offenses in case number 2022-CR-71. Shelley admitted that she violated the terms of her plan. Tr. 25. She also admitted to supplying the drugs to

the victim, which contained the fentanyl that contributed to the victim's death. Tr. 27-28. The record shows that Shelley had previously been involved in a case where she provided drugs to another person resulting in that person's death. Tr. 35. Given the record before us, this Court finds that the trial court's findings pursuant to R.C. 2929.14(C)(4) are supported by the record.

*Application of Reagan Tokes Indeterminate Sentence*

**{¶8}** In her second assignment of error, Shelley claims that the imposition of the indeterminate sentence pursuant to the Reagan Tokes Act is unconstitutional. This Court notes that Shelley did not challenge the imposition of the indeterminate sentence in the court below, and even agreed to the imposition of the indeterminate sentence in the jointly recommended sentence. If the trial court had imposed the sentence fully as recommended, Shelley would have no right to appeal the imposition of the indeterminate sentence. R.C. 2953.08(D). However, the trial court chose to impose a similar sentence, not the agreed sentence. As a result, Shelley may appeal the sentence.

**{¶9}** Shelley argues that imposition of the Reagan Tokes Act violates 1) the constitutional right to trial by jury, 2) the separation of powers doctrine, and 3) the right to due process. This Court has previously addressed these issues in prior opinions. In *State v. Ball*, the appellant alleged that the Reagan Tokes Act violated the defendant's right to a trial by jury, separation of powers doctrine, and due process. 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549 at ¶ 58. In *Ball*, this Court

reaffirmed the holding that the Reagan Tokes act did not deny the defendant of a right to a trial by jury, did not violate the separation of powers doctrine, and did not deny a defendant his due process rights. *Id*. at ¶ 59-63. Shelley does not present any compelling authority or reasoning to cause us to change our prior position. The second assignment of error is overruled.

*Ineffective Assistance of Counsel*

**{¶10}** Shelley argues in her third assignment of error that she was denied the effective assistance of counsel.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; *State v. Jackson*, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test."

*State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶11} Shelley claims that her counsel was ineffective for failing to object to the imposition of the indeterminate sentence on the grounds that such sentence was unconstitutional. This Court addressed this issue in the prior assignment of error and determined that the sentence imposed was constitutional. Thus, counsel did not err in failing to object to the sentence. Without a showing of a substantial violation of counsel's duties, the first prong of the test for the ineffectiveness of counsel is not met. The third assignment of error is overruled.

{¶12} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Auglaize County are affirmed.

*Judgments Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**