**[Cite as *State v. Knott*, 2024-Ohio-1109.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

        CASE NO. 13-23-16

    v.

CHRISTIAN A. KNOTT,        **O P I N I O N**

    DEFENDANT-APPELLANT.

---

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 23-CR 0041**

**Judgment Affirmed**

**Date of Decision: March 25, 2024**

---

**APPEARANCES:**

    *Brian A. Smith* **for Appellant**

    *Stephanie J. Kiser* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Christian A. Knott ("Knott") brings this appeal from the judgment of the Court of Common Pleas of Seneca County finding him guilty of robbery and sentencing him to a prison term of six to nine years. Knott claims on appeal that the guilty verdict was against the manifest weight of the evidence and that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 22, 2023, the Seneca County Grand Jury indicted Knott on one count of robbery in violation of R.C. 2911.02(A)(2), (B), a felony of the second degree. Knott entered a plea of not guilty at arraignment. A jury trial was held on May 23, 2023. At the conclusion of the trial, the jury returned a verdict of guilty. The trial court conducted a sentencing hearing on June 27, 2023. The trial court sentenced Knott to an indefinite prison term of six to nine years. Knott appeals from this judgment and on appeal raises the following assignments of error.

### First Assignment of Error

**Because the jury lost its way and created a manifest miscarriage of justice in convicting [Knott], [Knott's] conviction for Robbery was against the manifest weight of the evidence.**

### Second Assignment of Error

**Because the performance of [Knott's] trial counsel fell below an objective standard of reasonable representation and prejudiced [Knott], the failure of [Knott's] trial counsel to argue or mention the issue of complicity constituted ineffective assistance of**

> **counsel, in violation of [Knott's] right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

*Manifest Weight of the Evidence*

{¶3} Knott argues in his first assignment of error that his conviction was against the manifest weight of the evidence.

> When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Mendoza*, 137 Ohio App.3d 336, 738 N.E.2d 822 (2000). See, also, *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387, 678 N.E.2d 541. Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given. *State v. Moorer*, 3d Dist. 13–12–22, 2013-Ohio-650, 2013 WL 684735, ¶ 29.

*State v. Hulbert,* 3d Dist. Van Wert No. 15-19-07, 2021-Ohio-2298, ¶ 23.

{¶4} At trial the following testimony was presented. The victim testified that on February 16, 2023, at around 10:00 pm he went to a local convenience store in a gas station to get some snacks. While in the checkout line, the victim started talking to another man in the area. The victim indicated that he had not previously known the man and the man indicated that he could get the victim some "weed". The man left the store and the victim paid for his items and left the store. While walking to

his car, he saw the same man in the parking lot. The victim identified the man as the defendant, Knott.

{¶5} While in the parking lot, Knott called the victim over and asked the victim if he had a gun. The victim said no and started to back away. As Knott kept talking, the victim went back towards him. Then Knott punched the victim in the face and the victim fell to the ground. Knott continued to hit the victim and started yelling at the victim to give Knott the money. The victim then handed over his wallet and phone. The victim stated that another person was also involved in assaulting him. The victim testified that he gave his money to Knott. Once Knott had the money, he left. The victim then returned to the store and the clerk called the police.

{¶6} Angela Mix ("Mix") testified that on February 16, 2023, she was working as a clerk at the convenience store in question. Mix saw two men chatting while waiting near the register. Knott was near the ATM and the other was in line. Knott left the store first. Mix did not see what happened and only learned of the incident when the victim returned to the store. The victim appeared to be "panicked, frantic, loud, [and] cussing" when he returned to the store. The victim's cheek was bright red and puffy looking, as if he had been hit. Mix then called the police.

{¶7} Officer Andrew Stevens ("Stevens") testified that he was dispatched to the convenience store on February 16, 2023, for a robbery complaint. When he arrived at the store, the victim had already left to go to work. Stevens then contacted

the victim. The victim told Stevens that multiple men had assaulted him and then took his money and smashed his cell phone. Stevens then gave the victim a statement form and photographed his broken cell phone. While investigating, Stevens was provided still photos from security cameras showing the assailant and identified him as Knott.

{¶8} Raj Soni ("Soni") testified that he was the manager of the convenience store. Soni identified the video surveillance from the store, Ex. 5, and testified that he provided it to the police. The cameras did not capture the robbery itself, just what happened inside the store.

{¶9} Brian Ferguson ("Ferguson") testified that he owns Tom Rodgers Flowers, which is across the street from the convenience store. Ferguson identified Ex. 6 as the security footage from outside his store, which included the robbery.

{¶10} Detective Eric England ("England") testified that he was responsible for investigating the robbery. England identified Ex. 7 as a video of his interview with Knott. According to England, Knott claimed that the victim was trying to sell him drugs and Knott just wanted to leave. However, Knott had no explanation as to why he did not just leave the scene after Knott was knocked to the ground. The State then rested its case.

{¶11} Knott presented the testimony of C.K. (Knott's juvenile cousin) and testified on his own behalf. C.K. testified that he was present during the incident. C.K. saw someone lying on the ground with a person standing up, so he ran over to

see what was happening. When C.K. got closer, he saw the victim on the ground and Knott standing there. C.K. also saw "stuff" on the ground, so he picked it up, put it in his pocket and then they ran off. C.K. admitted to seeing the victim's phone and that he picked it up and threw it. C.K. also admitted to taking money from the victim. C.K. testified that Knott was present, but he did not participate in the robbery.

{¶12} Knott testified that while in the store, he withdrew $200 from the ATM. Knott then claimed that the victim said, "Let me take that from you." Knott's response was that the victim should "Come outside and take it." Knott then claims that he left and the victim followed him. Once outside, the victim allegedly tried to sell him some pills. Knott claims he declined, but the victim kept asking and "provoked" him. Knott stated that he then "picked [the victim] up, slammed him on the ground and then started beating him up." Tr. 137. After that, C.K. came over and took the victim's belongings. Knott denied participating in the robbery or breaking the victim's phone. On cross-examination, Knott admitted that his assault caused the victim to drop the items that C.K. stole.

{¶13} To prove a robbery, the State had to prove that Knott in committing or attempting to commit a theft offense, did inflict, attempted to inflict, or threatened to inflict physical harm on the victim. The evidence is undisputed that Knott inflicted or attempted to inflict physical harm on the victim and that someone stole the victim's money and destroyed the victim's phone. The victim claims that he

was 100% sure that Knott was the person to assault him and to take his money and phone. Although Knott presented testimony that he did not participate in the robbery, there was evidence to the contrary. The jury observed the witnesses and made a credibility determination. This Court does not find that the determination as to the facts was such that we could find the jury lost its way and created a manifest miscarriage of justice. Thus, the judgment is not against the manifest weight of the evidence and the first assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶14} Knott claims in the second assignment of error that he was denied the effective assistance of counsel.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; *State v. Jackson*, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶15} Here, Knott claims his counsel was ineffective for failing to mention the allegation of complicity. According to Knott, his counsel should have argued why Knott should be found not guilty of robbery under a theory of complicity. However, no charge of complicity was included in the indictment and no instruction on complicity was included in the final jury instructions. The jury was instructed that they could find Knott guilty if they found that he had engaged in the actions, not if anyone else had done so. The victim testified that it was Knott who was hitting him and demanding that he turn over his belongings. Regardless of who actually collected the items, Knott was, at the least, attempting to engage in a theft offense when he was yelling at the victim to give him his money. This is sufficient for a

robbery conviction. As the evidence supported that Knott had personally engaged in behavior sufficient to support a conviction for robbery, counsel did not commit a substantial violation by not arguing the issue of Knott's complicity. The second assignment of error is overruled.

{¶16} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is affirmed.

***Judgment Affirmed***

**WALDICK and MILLER, J.J., concur.**

**/hls**