[Cite as *State v. Speed*, 2011-Ohio-1799.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95034

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEANGELO SPEED

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527225

**BEFORE:**   Kilbane, A.J., S. Gallagher, J., and E. Gallagher, J.

RELEASED AND JOURNALIZED:   April 14, 2011

ATTORNEY FOR APPELLANT

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio 44145

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Brian D. Kraft
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}  Defendant-appellant, DeAngelo Speed (Speed), appeals his felonious assault conviction.   Finding no merit to the appeal, we affirm.

{¶ 2}  In August 2009, Speed was charged with felonious assault and intimidation.[1]   The matter proceeded to a jury trial.   At the close of the State's case, the trial court dismissed the intimidation charge pursuant to

---

[1] The felonious assault charge carried a one- and three-year firearm specification.

Speed's Crim.R. 29 motion. The jury found Speed guilty of felonious assault with the firearm specifications. The trial court sentenced Speed to two years in prison for the felonious assault and a total of three years for the firearm specifications. The court ordered that the firearm specifications be served consecutive to the felonious assault for an aggregate of five years in prison.

{¶ 3} The following evidence was adduced at trial.

{¶ 4} On the evening of June 1, 2009, Jermaine Brown (Brown) was home with family and friends, celebrating his high school graduation. While he was outside on the porch with his sister Dierra Woods (Dierra) and other family members, one of the guests, Tyielle Akins (Akins), called Speed for a ride home. Speed arrived with three other men. The group of men were standing at the base of the driveway when Brown told them to leave. Speed replied that he was not going to leave. Brown then approached Speed. When Brown was halfway down the driveway, Speed pulled out a gun and fired it toward Brown. Brown was approximately seven to eight feet away from Speed when he fired the gun. After Speed fired the gun, he made threats to Brown and Dierra. He said he would come back and shoot up the house. He also said he would have his girls come and beat up Dierra and her sisters. Speed then left the scene with the other men.

{¶ 5} Speed now appeals, raising four assignments of error for review, which shall be discussed together where appropriate.

ASSIGNMENT OF ERROR ONE

**"The trial court erred in denying [Speed's Crim.R. 29] motion for acquittal when there was insufficient evidence to prove the elements of felonious assault."**

ASSIGNMENT OF ERROR TWO

**"[Speed's conviction] for felonious assault was against the manifest weight of the evidence."**

{¶ 6} A motion for an acquittal pursuant to Crim.R. 29 challenges the sufficiency of the evidence.[2] In *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶113, the Ohio Supreme Court explained the standard for sufficiency of the evidence:

> "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. In reviewing such a challenge, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560."

{¶ 7} With regard to a manifest weight challenge, the "reviewing court asks whose evidence is more persuasive — the state's or the defendant's? * * * 'When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits

---

[2]Crim.R. 29(A) provides that the court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."

as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.' [*Thompkins* at 387], citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶25.

{¶ 8} Moreover, an appellate court may not merely substitute its view for that of the jury, but must find that "'in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id., quoting *Martin* at 175.

{¶ 9} In the instant case, Speed was convicted of felonious assault under R.C. 2903.11(A)(2), which provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶ 10} Speed argues the State failed to prove that he was the perpetrator. He argues that the three eyewitnesses, Dierra, Brown, and their mother, Karletta Woods (Karletta), had little or no opportunity to view the shooter. He further argues the State failed to prove that he attempted to cause physical harm with a deadly weapon. As a result, Speed contends that

the jury "lost its way" when it found him guilty of felonious assault. We disagree.

{¶ 11} A review of the record reveals sufficient evidence to sustain Speed's conviction. Although Dierra did not know Speed prior to this incident, she testified that she heard Speed's name before. On that night, she knew Speed was coming over because Akins called him for a ride. She further testified that she was able to see Speed fire the gun, despite the fact that it was dark outside. The police were called to the scene and showed Dierra a picture of Speed, and Dierra identified him as the shooter.

{¶ 12} Karletta testified that Brown and Speed exchanged words and then she heard a pop. She further testified that she was able to see Speed when he stepped away from Brown. When Speed fired the gun, she ran up to Brown and pulled him away from Speed. Karletta also identified Speed as the shooter when the police showed her his picture. She also identified Speed as the shooter from the photo array presented to her by the police. Brown testified that he also did not know who Speed was prior to this incident, but he observed the shooter's face and identified Speed in court as the shooter.

{¶ 13} Speed further contends that there was no evidence that he "attempted to shoot anyone or harm anyone by using a handgun in some

other fashion." He maintains that merely pointing a weapon at someone is insufficient to sustain a conviction for felonious assault.

{¶ 14} Here, Speed not only pointed a gun at Brown, but fired it at him as well. Brown testified that he was in a verbal altercation with Speed and was walking toward him when Speed pointed the gun in Brown's direction and fired it. Brown testified the bullet went past him and Speed aimed the gun in the vicinity between his shoulder area and the top of his head.

{¶ 15} Based on foregoing, we find sufficient evidence in the record that Speed attempted to cause physical harm by means of a deadly weapon. We further find that this is not the extraordinary case where the "jury lost its way" and created a manifest miscarriage of justice.

{¶ 16} Accordingly, the first and second assignments of error are overruled.

ASSIGNMENT OF ERROR THREE

**"The trial court erred in permitting prejudicial opinion testimony."**

{¶ 17} In the instant case, Cleveland Heights Police Detective Lemiel Riase ("Riase") testified to the following on direct examination.

**"State:      And throughout the course of your career as a detective and police officer with the Cleveland Heights Police Department have you received training on the use of firearms?**

Riase:    Yes.   We went through extensive training in the academy.   I've had various courses in firearms.   I'm not certified.   But we shoot twice a year to maintain our accuracy.

* * *

State:    And from your experience did it require training to make sure or ensure that you were the best shot possible?

Riase:    Oh, absolutely.

State:    And why is that, if you can tell me?

Riase:    Anybody can pull a trigger to a gun and if the gun is in operating condition a bullet will come out and it will fire and — but if you don't practice shooting a gun close range, distances, to pull a trigger, you have to know how to pull the trigger to make sure the gun stays straight in order for it to fire straight.   * * * If you pull the trigger the gun is going to jerk and you have no idea where that bullet is going to go.

* * *

State:    Do you ever receive any training with the department in regards to your ability to draw the weapon and fire immediately?

Riase:    Yes.

* * *

State:    And from your experience going through that training, is it typically more difficult to draw and fire as opposed to having your gun already out, aimed and then fire?

Riase:    Absolutely.

| | |
|---|---|
| **State:** | **Is there any particular reason why that you could tell us?** |
| **Riase:** | **\* \* \* When you are drawing and trying to fire at close hand it takes a while to be able to pull steady and fire your weapon and have it go where you want it to go.  \* \* \* Typically if you are not practicing a lot, with that motion, that bullet can go anywhere."** |

{¶ 18} Speed argues that this testimony was "improper opinion type evidence" that persuaded the jury to believe he intended or attempted to cause harm with the gun even though he did not shoot directly at Brown.   He argues that this evidence should have been excluded because Riase was not qualified to give this opinion and his opinion was incompetent under Evid.R. 702.[3]

{¶ 19} Trial counsel, however, did not object to Riase's testimony, so we review for plain error.   To prevail on a claim of plain error, Speed must demonstrate that but for the error, the outcome of the trial clearly would have been otherwise.   *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph two of the syllabus; see, also, Crim.R. 52(B).

---

[3]Evid.R. 702 provides in pertinent part:   "A witness may testify as an expert if all of the following apply:   (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons; (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony; (C) The witness' testimony is based on reliable scientific, technical, or other specialized information."

{¶ 20} We recognize "jurors are likely to perceive police officers as expert witnesses, especially when such officers are giving opinions about the present case based upon their perceived experiences with other cases." *State v. Potter*, Cuyahoga App. No. 81037, 2003-Ohio-1338, ¶38, citing *State v. Miller* (Jan. 26, 2001), Montgomery App. No. 18102. However, in the instant case, Riase did not give his opinion about the present case. Rather, he testified about his training as an officer with the Cleveland Heights Police Department and his experience with firearms. Moreover, because there is sufficient evidence of Speed's guilt, he has failed to demonstrate how the outcome of the trial clearly would have been otherwise.

{¶ 21} Thus, the third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

**"[Speed] received ineffective assistance of counsel where he failed to object to improper opinion testimony."**

{¶ 22} In order to substantiate a claim for ineffective assistance of counsel, Speed must demonstrate "(a) deficient performance ('errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment') and (b) prejudice ('errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable'). *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accord *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373." *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶30.

{¶ 23} In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. In evaluating whether a petitioner has been denied the effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 358 N.E.2d 623; *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. To demonstrate that a defendant has been prejudiced, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley*, at paragraph three of the syllabus.

{¶ 24} Speed argues that trial counsel was ineffective for failing to object to the "improper opinion testimony" discussed in the third assignment of error. However, having found that the testimony was not admitted in error, Speed has failed to demonstrate prejudice.

{¶ 25} Therefore, the fourth assignment of error is overruled.

{¶ 26} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR